IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
OCT 26 2015
MATTHEW J. DYKMAN
CLERK

JUAN M. GONZALES;

    *Plaintiff*

Vs.

CITY OF LOS ALAMOS
LOS ALAMOS POLICE / SHERIFFS DEPARTMENT
CHIEF: Dino Sgambellone
OFFICER: Oliver Morris: Badge 7454
OFFICER: Jason Wardlow Herrera: Badge 7763
OFFICER: Brent Hudspeth: Badge 7904
OFFICER: Oliver McCartney: Badge: 8242
All acting under Color of Law as a Corporate entities
to include not limited; Acting Jointly, In their Personal,
Professional, Individually, Separately Capacities.
<u>And others yet un-named to the above parties</u>

    *Defendants*

Case Number: 15CV957 WPL/KBM

---

CIVIL COMPLAINT FOR MONETARY DAMAGES AGAINST NAMED, and UN-NAMED, DEFENDANTS FOR VIOLATION OF CIVIL and CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. 1983; CONSPIRACY TO VIOLATE CIVIL and CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. 1985; OPPRESSION OF A PERSON; DEPRIVATION of CIVIL RIGHTS; INTENTION INFLICTING EMOTIONAL DISTRESS:

---

COMES NOW, Juan M. Gonzales, Plaintiff, *Pro se*, files this Civil Complaint against named, yet un-named, Defendants for Violation of the above Mentioned reference, and, for such good cause Plaintiff states as follows;

## JURISDICTIONAL BASIS AND STATUTORY AUTHORITIES IN SUPPORT

I.  Plaintiff claims Federal Jurisdiction pursuant to Article III Sec. 2: Which extends the jurisdiction to cases arising under the U.S. Constitution.

II.  Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protection guaranteed to Plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the Federal Constitution.

### Title 42 U.S. Code § 1983 Reads:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

### JURISDICTION OF THE COURTS

1.  This Court has Jurisdiction pursuant to the following statutes:

   A.  Under 28 U.S.C. 1331 which gives District Courts original jurisdiction Over civil actions arising under the Constitution, Laws or treaties of the United States;

   B.  28 U.S.C. 1343 (3) (4) which gives District Courts jurisdictions over actions to secure Civil Rights extended by the United States Government.

   C.  28 U.S.C. 1367 which gives the District Court supplemental jurisdiction over the state law claims.

2.  Venue is appropriate in this Judicial District under 28 U.S.C. 1391(b) because the events that gave rise to this Complaint occurred in this District.

### ALL INCLUDED PARTIES

3.  Plaintiff, born and raised in The United States of America. Residence at; 2806 Alamosa Drive, Santa Fe, NM 87505 in the County of Santa Fe. Plaintiff is not a member of any Arm Forces or subject to call. Jurisdiction is proper.

4.      Defendant, <u>City of Los Alamos / Los Alamos Police / Sheriffs Department</u> is a Government Corporation conducting and doing business in the State of New Mexico with-in the County of Los Alamos with address: <u>2500 Trinity Drive Los Alamos, New Mexico 87544</u> and not subject to close. Jurisdiction is Proper.

5.      Defendant, Chief <u>Dino Sgambellone</u> is an Employee for the City of Los Alamos, Los Alamos Police / Sheriff's Department is in a capacity of Administrator Supervisor to all Law Officers employed with-in the same Department located at: <u>2500 Trinity Drive Los Alamos, New Mexico 87544</u>. Defendant is not of any military branch or a member of any armed forces. Not subject to call. Defendant, is conducting and performing duties as agents to the Government. Jurisdiction is proper.

6.      Defendant, Detective <u>Oliver Morris,</u> shield number 7454, is an Employee for the City of Los Alamos, Los Alamos Police / Sheriff's Department is in the capacity of Investigator / Supervisor for Los Alamos Police Department and said Defendant is an employee of the Government entity conducting and performing duties as agents to the Government. Defendant is not of any military branch or a member of any armed forces. Not subject to call. Defendant, acted in his personal and professional capacity, to include acting under color of law, and, conducting and performing duties as agents to the Government. Jurisdiction is proper.

7.      Defendant, Officer <u>Jason Wardlow Herrera</u>, shield Number 7763, is an Employee for the City of Los Alamos, Los Alamos Police / Sheriff's Department is a police officer with-in the same Department located at: <u>2500 Trinity Drive Los Alamos, New Mexico 87544</u>. Defendant is not of any military branch or a member of any armed forces. Not subject to call. Defendant, acted in his personal and professional capacity, to include acting under color of law, and,

conducting and performing duties as agents to the Government. Jurisdiction is proper.

8. Defendant, Officer <u>Brent Hudspeth</u>, shield Number 7903, is an Employee for the City of Los Alamos, Los Alamos Police / Sheriff's Department is a police officer with-in the same Department located at: <u>2500 Trinity Drive Los Alamos, New Mexico 87544</u>. Defendant is not of any military branch or a member of any armed forces. Not subject to call. Defendant, acted in his personal and professional capacity, to include acting under color of law, and, conducting and performing duties as agents to the Government. Jurisdiction is proper.

9. Defendant, Oliver McCartney, Shield 8242, Employee for the City of Los Alamos, Los Alamos Police / Sheriff's Department is a police officer with-in the same Department located at: <u>2500 Trinity Drive Los Alamos, New Mexico 87544</u>. Defendant is not of any military branch or a member of any armed forces. Not subject to call. Defendant, acted in his personal and professional capacity, to include acting under color of law, and, conducting and performing duties as agents to the Government. Jurisdiction is proper.

<u>PLAINTIFF OVERCOMES FRCP 12(B)(6); NMRA 1-012(B)(6)</u>

<u>Dawson v. Wilheit, 735 P. 2d 93 (1987)</u>, illustrates the dismissal of a suit for failure to state a claim. In <u>Dawson,</u> the plaintiff brought suit against Farmington, New Mexico, police officers, as well as the City of Farmington, and a vehicle-towing service. The suit was based on a chain of events that had begun on <u>November 20, 1983</u>. The son of the plaintiff had been killed by two men, who had placed his body in the trunk of a car owned by one of the men. Shortly thereafter, the car owner had been arrested for driving while intoxicated. MOREOVER, in the <u>Dawson v. Wilheit</u> case, the Farmington police officers were not held accountable due to the fact that they had <u>NO KNOWLEDGE</u> that a crime of murder had been committed.

In Plaintiff's instant case, The Evidence will show that the Defendants were in <u>FULL KNOWLEDGE</u> of their violations of the Plaintiff's Due Process. Acting in violations of Jurisdiction the Defendants KNOWINGLY permitted each other to commit Perjury, and Fraud upon the courts which in turn caused Constitutional harm to Plaintiff. The Evidence will also show that the Defendants acted in conjunction to violate Plaintiff's Civil, and Constitutional Rights. These intentional, immoral, and

corrupt behaviors are an act of Malice, and have been used to oppress a black man, the Plaintiff. These actions had been committed by all named, and yet to be recognized, Defendants.

See: *Conley v. Gibson -- USSC 1957:* In appraising the sufficiency of the complaint, we follow the accepted rule that a complaint should not be dismissed for failure to state a claim, unless it appears beyond doubt that the plaintiff can prove no set of facts to support the claim. Rules do not require a claimant to set out in detail the facts upon which he bases his claim. . . Only a short and plain statement of the claim. So long as gives Defendant fair notice of what the claim is, the grounds upon it rests. FRCP 8(F): All pleading shall be so construed as to due substantial justice.

See: *Dioguardi v. Durning -- 2nd Circuit 1944:* Under new rules, there is no pleading requirement of stating facts sufficient to constitute a cause of action. . . Only a short and plain statement. FRCP 12(B)(6) is for failure to state a claim, not a cause of action.

COLOR OF LAW
(From the FBI website)
Title 18, U.S.C., Section 242
Deprivation of Rights Under Color of Law

*This definition includes. . . Persons who are bound by laws, statutes, ordinances, or customs.*

*This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.*

*This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, then those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.*

A CONCISE BACKGROUND OF OCCURRENCE

On May 17, 2013 at approximated 10:30 pm evening hours, <u>In the absents of Plaintiff,</u> Plaintiff's residence *(Room)* was subject to a Search. The search was lead by the Named Defendant, Detective Oliver Morris, in the above cause matter. The reason for the search was to locate "Alcoholic Beverages, Any Drug Paraphernalia, Marijuana, and Receipts relating to the purchase(s) of alcoholic beverage sales", according to the "Obtained" "Search Warrant dated May 8, 2013." The search warrant was vague in nature. A search warrant must read with exact particularities. For example;
    1.    What Police are looking for.
    2.    Where is said item Police are seeking.
    3.    If you have multiple people living in One (1) residence Search warrant should detail in what room police will locate said items and who's room said items will be found.

Not just <u>run-a-mock</u> and enter any room without justification. In essence, Affidavit for a Search Warrant, the Warrant itself, violated Plaintiff's Due Process to include the Fourth (4th.) Amendment of the United States Constitution.

On September 24, 2013, Plaintiff went to trial before Magistrate in Los Alamos Magistrate Court. During the Proceedings, Defendants failed to produce any supporting evidence and or "Witnesses" to substantiate the Search of Plaintiff's room. Ultimately, The Jury Found the Plaintiff <u>"NOT GUILTY"</u>. Plaintiff walked away an innocent man.

<u>NMRCP 5-211(B)</u>

A nighttime search can escalate into a dangerous situation, for the public and law enforcement alike. For this, and for a number of reasons, officers are required by the Supreme Court of New Mexico to get <u>"Special Permission"</u> from a judge to serve a warrant after 10:00 p.m. Rule of Criminal Procedure 5-211 (B) states:

1.  *"A search warrant shall be served between the hours of 6:00 a.m. and 10:00 p.m., according to local time, unless the issuing judge, for reasonable cause, authorizes its execution at any time."*

2.  <u>Night Time Authorization:</u>
    *"Search warrants are generally served between 0600 and 2200 hours. If you're going to serve a warrant between 10:00 p.m. and 0600 a.m. the Judge must authorize it. You must explain in the <u>affidavit</u> why you need a night time search warrant. Example: <u>"Possible Destruction of Evidence"</u> etc.*

<u>TABLE OF AUTHORITIES</u> Cases

1.  *Nathanson v. U.S.*, 290 U.S. 41, 47, 54 S Ct.11, 78 L. Ed. 159(1933)
2.  *Steagald v. U.S.*, 451 U.S. 204, 213, 101 S. Ct. 1642, 68 L. Ed. 2d 38 (1981)
3.  *U.S. v. Vega-Figueroa*, 234 F. 3d 744, 755 (1st Cir. 2000)
3.  *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S. Ct. 2022, 29 L. 2d. 564 (1971)
4.  *U.S. Wilhelm*, 80 F. 3d. 116, 120 (4th. Cir. 1996)

<u>THE UNITED STATES CONSTITUTION</u>

1.  <u>The First Amendment</u> guarantees freedoms concerning. . . the right to petition.

2.  <u>The Fourth (4th.) Amendment of the Constitution is clear;</u>

    A.  The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or Affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

3.  <u>The Fifth Amendment creates a number of rights;</u>

    A.  It is relevant to civil legal proceeding, and protects life, liberty, and property from being deprived without DUE PROCESS of LAW.

4.  <u>The Sixth Amendment Ensures Rights</u> at all significant stages in legal proceedings, to include, being confronted with the witnesses against him.

5.  <u>The Fourteenth (14th.) Amendment to the U. S. Constitution reads</u>:

    A.  *Section 1.* All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

## POINTS AND AUTHORITIES
### 42 U.S.C.§ 1983: Deprivation of Civil Rights:

A.  Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

### *History*

Congress passed <u>42 U.S.C. § 1983 in 1871</u> as section 1 of the "Ku Klux Klan Act." The statute did not emerge as a tool for checking the abuse by state officials, however, until 1961, when the Supreme Court decided <u>Monroe v. Pape</u>.3 In *Monroe*, the Court articulated three purposes for passage of the statute: (1) "to override certain kinds of state laws"; (2) to provide "a remedy where state law was inadequate"; and (3) to provide "a federal remedy where the state remedy, though adequate in theory, was not available in practice." The *Monroe* Court resolved two important issues that allowed 42 U.S.C. § 1983 to become a powerful statute for enforcing rights secured by the Fourteenth Amendment.

First: It held that actions taken by state Governmental officials, even if contrary to state law, were nevertheless actions taken "under color of law."

Second: The Court held that injured individuals have a federal remedy under 42 U.S.C. § 1983 even if the officials' actions also violated state law.

In short, the statute was intended to provide a supplemental remedy. The federal forum was necessary to vindicate federal rights because, according to Congress in 1871, state courts could not protect Fourteenth Amendment rights because of their "prejudice, passion, neglect, [and] intolerance." With *Monroe* opening the door to the federal courthouse, constitutional litigation against state officials developed. Later, plaintiffs seeking monetary damages sued not only state officials but began to sue cities and counties as well. They also sought prospective injunctive relief against state officials. Ultimately, the federal court became the place to reform.

## PRIMAL FACIA CASE

To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right.

## LEGAL THEORY  CIVIL CONSPIRACY:

A **civil conspiracy** or <u>collusion</u> is an agreement between two or more parties to deprive a third party of legal rights or deceive a third party to obtain an illegal objective.[1] A conspiracy may also refer to a group of people who make an agreement to form a partnership in which each member becomes the agent or partner of every other member and engage in planning or agreeing to commit some act. It is not necessary that the conspirators be involved in all stages of planning or be aware of all details. Any voluntary agreement and some <u>overt act</u> by one conspirator in furtherance of the plan are the main elements necessary to prove a conspiracy. A conspiracy may exist whether legal means are used to accomplish illegal results, or illegal means used to accomplish something legal.[2] "Even when no crime is involved, a civil action for conspiracy may be brought by the persons who were damaged."[1]

In the law of tort, the legal elements necessary to establish a civil **conspiracy** are substantially the same as for establishing a criminal conspiracy, i.e. there is an agreement between two or more <u>natural persons</u> to break the law at some time in the future or to achieve a lawful aim by unlawful means. The criminal law often requires one of the conspirators to take an overt step to accomplish the illegal act to demonstrate the reality of their <u>intention</u> to break the law, whereas in a civil conspiracy, an overt act towards accomplishing the wrongful goal may not be required. Etymologically, the term comes from <u>Latin</u> con- "with, together", and spirare "to breathe".

### *Elements of Intentional Infliction of Emotional Distress*

The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. <u>Hyatt, 943  S.W. 2d at 297</u>. Although case law does not provide us with a precise definition of "extreme and outrageous," the test adopted by Missouri courts for actionable conduct is that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See also; <u>Molien Vs. Kaiser Foundation Hospital</u>

Restatement (Second) of Torts section 46 cmt. d (1965). The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions.

<u>Viehweg v. Vic Tanny Intern. of Missouri, Inc., 732 S.W.2d 212, 213 (Mo.App.1987).</u> "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery...." Restatement (Second) of Torts section 46 cmt. h (1965). The court must determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim "outrageous!" Viehweg, 732 S.W. 2d at 213.

## ARGUMENTS

1. The Plaintiff will establish through the production of evidence that named Defendants did, in fact, entered the premises and personal room, of Plaintiff without any legal justification on May 17, 2013 at 10:30 p.m. In violation of the U.S Constitution.

2. The Plaintiff will establish through the production of evidence the named Defendants did "Ransacked" Plaintiff's room with-in the premises, without any Probable Cause to do so. In violation of the U.S Constitution.

3. The Plaintiff will establish through the Production of Evidence and the introduction of witnesses that named defendants did, in fact, upon entering the Plaintiff's Room, with-in the structure of said residence, did <u>STEAL</u> Plaintiff's personal possessions that did not belong to the Defendants, nor were described with-in the scope of Executed, <u>Frail</u>, Search Warrant. In violation of the U.S Constitution.

4. The Plaintiff will establish through the Production of Evidence that named Defendant "Obtained" an Illegal Search Warrant in order to gain entry to Plaintiff's Room, with-in the Structure of the Residence, without Probable cause. In violation of the U.S Constitution.

5. The Plaintiff will establish through production of evidence and State Statutes that the Defendants had <u>ABUSED</u> their authority when executed a Search Warrant during the Night

Time hours and causing a Fourth (4th.) and a Fourteenth (14th.) Amendments Violation.

      6.    The Plaintiff will establish through production of evidence and witness testimonies that Defendants, in the above cause matter, were "Racially Motivated" when Defendants "RUMMAGED" through a Black Man's Room, with-in the structure of the residence, Searched. In violation of Civil, and Constitutional Rights.

      7.    The Plaintiff will establish through production of evidence that Defendants were Racially motivated when had contact with Plaintiff and using RACIAL SLURS against Plaintiff, While Plaintiff's "Witnesses" were present. This action is a clear case of Discrimination.

      8.    The Plaintiff will establish through production of evidence and witnesses testimony that Defendants did in fact Harass, Intimidated, Bullied, Tormented, Pursued Plaintiff in the Streets of Los Alamos and among other intimidations tactics used against Plaintiff, committed by Defendants. A Civil Rights Violation, and a Constitutional Violation.

      9.    The Plaintiff will establish through Production of evidence that Plaintiff was not present when Defendants executed, a Frail Search Warrant, in the Room, with-in the structure of the premises, searched. Invasion of the 4th Amendment, The Constitution.

      10.    The Plaintiff will establish through production of evidence that "Affidavit for a Search Warrant, to include the Search Warrant" lacked the sufficiency of Probable Cause. In turn, violating Plaintiff's Constitutional Rights.

      11.    The Plaintiff will establish through production of evidence that a "Search Warrant" must be detailed, not just Generalized in nature. The Executed Warrant failed to be specific. Causing a Due Process Violation against Plaintiff. In violation of Constitutional Rights.

## Defendants Wrong Doings

12. Chief at the time of this Violation cause and permitted officers under Chief's supervision to violate Plaintiff's Civil and Constitutional Rights by not adequately and properly causing any proper training. Acting Under Color of Law.

13. Detective Officer Morris, did gain entry to a Room, claiming to be Plaintiffs, and performed an illegal search by claiming to have found a "<u>Grinder</u>." Pink in color.. Defendant was Acting Under Color of Law, and personal capacity.

   A. In support, The Affidavit and the Search Warrant failed to describe what Defendants are looking for and where Defendants would find such items.

14. Defendants, and/or unnamed Defendants, <u>Conspired</u> with Defendant Morris to gain entry to Plaintiff's Apartment and commenced an illegal Search claiming to have located a, "<u>Blue Glass Pipe with residue and Small Plastic Smoking Device</u>", in Plaintiff's Room. Defendants, Acting Under Color of Law, and personal capacity.

   B. In support, The frail Affidavit and Search warrant fails to indicate what items Defendants are looking for and where these items would be found.

15. Defendants, and or unnamed Defendants, <u>Conspired</u> with, Detective Morris, by gaining entry to Plaintiff's apartment and performing an Illegal search and confiscating illegal items claiming to belong to Plaintiff. Defendants Acting Under Color of Law, and personal capacity.

   C. Conspiracy: View Legal Theory of Civil Conspiracy; Page 8 of 15 in support.

16. Defendants, and/or unnamed Defendants Conspired with other Defendants to gain entry to Plaintiff's apartment and commenced an Illegal search and confiscating items and

logging items claiming to belong to Plaintiff. Knowing that Search Warrant and the Affidavit are

Faulty. Defendants Acting Under Color of Law, and personal capacity.

## DEFENDANTS INTENTIONALLY CAUSE EMOTIONAL DISTRESS
### *And by Los Alamos Police Department*

      Plaintiff with certainty states, This is not an <u>Isolated Incident</u>. The actions of the Los Alamos Police Officers stems for many years since the time Plaintiff arrived in the Los Alamos. Plaintiff had been <u>Targeted as a Black American Man.</u> Just to touch in a few incidents with Los Alamos Law Enforcement.

    1.    On April 10, 2007 when Plaintiff was Nineteen (19) years old Plaintiff called for Paramedics for assistance due to excruciating pain on Plaintiff's neck. Police appeared and proceeded to harass Plaintiff. Placing Plaintiff in handcuffs. A Deprivation of Civil, and Constitutional Rights.

    2.    On October 8, 2012, Plaintiff called Law Enforcement for assistance with Landlord. When Officers arrived, Plaintiff was looked at as the Suspect and Landlord, White Man, was looked at as the "Victim". Plaintiff was charged with a crime and cited to Court. At trial charges were dismissed, No evidence. A Clear case of Discrimination by Defendants.

    3.    On May 17, 2013 officers entered Plaintiff's residence to conduct a Search. Plaintiff was gainfully employed and working at the time of the residence invasion committed by Los Alamos Police Department. Plaintiff was forced to appear before a Trial and face a Jury of Plaintiff's peers. Plaintiff was determined 'Not guilty". With everything Plaintiff had and has to endure, caused by the hands of the <u>Los Alamos Police Department,</u> Plaintiff to date continues to face <u>Humiliation and Depression.</u> Plaintiff after, lost respect of the Community, Peers, Employers, and family. To the point, the Los Alamos Police Officers were continuing to <u>Follow</u> Plaintiff with the intent to cause harm. Plaintiff was unable to pursue any employment in Los Alamos and eventually Plaintiff was forced to depart from Los Alamos with shame. In support review *<u>Elements of Intentional Infliction of Emotional Distress</u>* <u>Page 8 of 15 continues to Page 9 of 15.</u> Plaintiff has met the requirements..

      WHEREAS, Plaintiff has alleged Civil and Constitutional Rights violations committed by Defendants. Plaintiff will present court records to substantiate such allegations against Defendants. Defendants were acting in conjunction to Degrade and harm Plaintiff. It is Obvious that Defendants are controlled by a <u>Powerful, and Dominate Organization,</u> and wanted to pursue any Black person that is WEAK and easy to intimidate. NOTE, as long as Defendants have the support of the Los Alamos Police Department, The State of New Mexico, The Government of the City of Los Alamos, Defendants, will continue to TRAMPLE over anyone that is not WHITE. The above is committed to Oppress Plaintiff as a Black Man.

ALSO, Co-Defendant, Detective Morris, obtained a Search warrant that clearly violated every Rule of Criminal Procedures to violate Plaintiff's Constitutional Rights. It is Obvious, at Plaintiff's trial, No witnesses came forward to support said warrant. Co-Defendants, Affidavit for Search Warrant should have been carefully scrutinized. Not only by the issuing Judge by also the Los Alamos administrators, Chief. With regards to filling Criminal Charges against Plaintiff, any and all charges the Los Alamos Police Department issued against Plaintiff should have never been started. Defendants acted in a Reckless Criminal Behavior.

FURTHERMORE, The USA arose on the foundation of the genocidal theft of Native American (Indian) lands, and the enslavement of African people. Modifying the forms of that oppression, in today's situation is extreme and dire; and any solution that would leave OPPRESSION intact is no solution at all, and indeed, a damaging dead end.

IN ADDITION, Applying the elements for intentional infliction of emotional distress to the allegations in Plaintiff's Petition is specifically clear, Plaintiff, at no time, ever, faced Long Term Incarceration. Cause of action against Named Defendants behavior, as described in Plaintiff's Petition, is not just mean-spirited or boorish; rather its conduct reflected a calculated plan to cause Plaintiff emotional harm. The alleged motive behind Defendants conduct is <u>Discriminatory and Oppression.</u> All of the acts attributed, to Defendants taken together, were so outrageous as to be utterly intolerable in a civilized community. Plaintiff's Petition states, also, a cause of action against Defendants for the Intentional Infliction of Emotional Distress.

## PRAYER FOR RELIEF

Plaintiff has suffered a great deal of humiliation by the public and family members. Plaintiff has lost the respect and dignity Plaintiff once had prior to the Criminal Charges Plaintiff had to overcome, and is still recovering from. From the time Plaintiff arrived in Los Alamos, N.M. to the date Plaintiff was forced to leave the City of Los Alamos -Now with Shame inaccurately imposed upon him- Plaintiff has been shunned by friends, family members, and the community. Now Plaintiff feels en-slaved by the Dominate and Privileged System. The City of Los Alamos and it's Government entity has accomplished what they set out to do, Oppress a Black man.

Plaintiff was forced to seek Help, and Support in order to cope with the Mental Stress Defendants had forced upon Plaintiff. Plaintiff continues to suffer due to Defendants Insensitive dishonorable, and dirty deeds. Plaintiff seeks the following from Defendants;

1.  Compensatory damages in the amount of Five hundred thousand ($500,000.00) dollars. The, for forcing distress upon the Plaintiff causing Plaintiff to leave Los Alamos and seek employment, and to make, and build a life elsewhere.

2.  Punitive damages from the Defendants in the amount of Forty Million ($40,000,000.00) dollars. The Intentional Criminal Actions committed by Defendants should not be excused. Defendants should never cross the line and act outside of their color of office, nor fail

to uphold their Judicial Obligation. Especially -DUE TO THEIR COLOR OF OFFICE- Defendants should not be the parties committing such Crimes. Furthermore; Defendants should be held to the highest standard of office.

CONCLUSION, Plaintiff also moves the Honorable Court for all fees to include Attorney fees Plaintiff had to endure in order to bring Defendants to justice. And any other relief the Courts Deems Just and Proper.

Respectfully Submitted,

*[signature]*

(Mr. Juan M. Gonzales, Plaintiff
MAILING ADDRESS
126 Grand Canyon Dr.
Los Alamos, NM 87544
Telephone: 505-363-6239

## ACKOWLEDGEMENT OF TRUTH

I, Juan M. Gonzales, Party to this action, hereby state, with clarity, that all information and allegations in this complaint are true and correct to the best of my knowledge.

SWORE BEFORE ME, and with complete State Identification entered <u>Mr. Juan M. Gonzales</u> and swore under Oath and knowing the Penalty of Perjury pursuant to the Laws of the State of New Mexico and declares that the above stated Information is correct and true to the best of my knowledge. On this 17th Day of August 2014.

STATE OF NEW MEXICO        }
                           }
COUNTY OF BERNALILLO       }

_____                    _____
Mr. Juan M. Gonzales                          Notary Public

                                             My Commission Expires:

                                             ___6/14/17___

*The Great Seal of The State of New Mexico:*