## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUAN M. GONZALES,

     Plaintiff,

v.                                                    CIV 15-0957 WPL/KBM

CITY OF LOS ALAMOS,
LOS ALAMOS POLICE / SHERIFF'S
DEPARTMENT, DINO SCAMBELLONE,
OLIVER MORRIS, JASON WARDLOW HERRERA,
BRENT HUDSPETH, and OLIVER MCCARTNEY,

     Defendants.

***and***

JUAN M. GONZALES and
BRIANA L. GONZALES,

v.                                                    CIV 15-1155 KG/SCY

CITY OF LOS ALAMOS,
LOS ALAMOS POLICE / SHERIFFS DEPARTMENT,
DINO SGAMBELLONE, MONICA CASIAS-SALAZAR,
PATRICK MASSARA, DAVID BOE, SHELDON SIMPSON
and DAVID BRADSHAW,

     Defendants.

## ORDER

     **THIS MATTER** comes before the Court *sua sponte* and after consulting

with the attorneys and *pro se* parties at the April 22, 2016 Rule 16 Initial

Scheduling Conference held in Civ 15-0957 WPL/KBM. On October 26, 2015,

Plaintiff Juan M. Gonzales commenced a case in this Court arising out of the

May 2013 search of his home by officers of the Los Alamos Police Department.

*See* Civ. 15-0957 WPL/KBM ("First Case"). Then, on May 20, 2016, Plaintiff Juan

M. Gonzales, along with his wife, Plaintiff Briana L. Gonzales, filed another action

in this Court arising out of the same May 2013 search of his home as well as an

arrest by officers of the Los Alamos Police Department that occurred in October

2013. *See* Civ. 15-1155 KG/SCY ("Second Case"). The First Case names as

defendants the City of Los Alamos, Los Alamos Police / Sheriff's Department,

Chief of Police Dino Scambellone, and various individual police officers, including

Oliver Morris, Jason Wardlow Herrera, Brent Hudspeth, and Oliver McCartney.

Likewise, the Second Case names as defendants the City of Los Alamos, Los

Alamos Police / Sheriff's Department, Chief of Police Dino Scambellone, and

various individual police officers, including Monica Casias-Salazar, Patrick

Massara, David Boe, Sheldon Simpson, and David Bradshaw. Both cases assert

claims under 42 U.S.C. § 1983 for civil rights violations arising out of encounters

between Plaintiffs and officers of the Los Alamos Police Department/Sheriff's

Department, including during the May 2013 search of the Gonzales' home. Thus,

it appears that much of the same discovery will be required in the two cases and

that many of the same legal issues will affect these cases.

Rule 42 of the Federal Rules of Civil Procedure provides that "if actions

before the court involve a common issue of law or fact," the Court may

consolidate the cases and "issue any other orders to avoid unnecessary cost or

delay." Fed. R. Civ. P. 42(a)(2) & (3). To promote efficiency and economy and to

avoid conflicting decisions, the Court finds that the First Case, Civ. 15-0957

WPL/KBM, and the Second Case, Civ. 15-1155 KG/SCY, should be joined for pretrial matters, including case management, discovery, and settlement.

It is the District of New Mexico's practice that when cases are consolidated, they are reassigned to the judge responsible for the consolidated duties in the earliest filed case.  As such, the Clerk is directed to reassign CIV 15-1155 KG/SCY to me as the referral magistrate judge. All future non-dispositive pretrial matters, including case management, discovery, and settlement, in these consolidated cases are to be filed in CIV 15-0957 WPL/KBM. In contrast, dispositive matters for the presiding judge's consideration are to be filed in the original cases.

**IT IS SO ORDERED.**

_____

UNITED STATES CHIEF MAGISTRATE JUDGE