IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN M. GONZALES,

      Plaintiff,

v.                                        15cv957 WPL/KBM

CITY OF LOS ALAMOS, DINO SGAMBELLONE,
OLIVER MORRIS, JASON WARDLOW HERRERA,
BRENT HUDSPETH, OLIVER McCARTNEY,
and the LOS ALAMOS POLICE/SHERIFF'S DEPARTMENT,

      Defendants.

**ORDER**

Plaintiff Juan M. Gonzales, proceeding pro se, filed a civil rights action alleging that the search warrant the defendant officers relied upon to search his room was deficient under the Fourth Amendment because it lacked probable cause. (*See* Doc. 16.) Defendants filed a motion for summary judgment based on qualified immunity on October 14, 2016. (Doc. 59.) Gonzales failed to file a response or seek an extension within seventeen days as required by District of New Mexico Local Rule of Civil Procedure 7.4(a) and Federal Rule of Civil Procedure 6(d).

If Gonzales wishes to file a response, he must do so by **November 11, 2016.** His response must comply with the Federal Rules of Civil Procedure and Local Rules of Civil Procedure for the District of New Mexico, both of which can be found on the District Court's website at the following address: http://www.nmd.uscourts.gov/court-info/local-rules-and-orders

Among others, Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1 are pertinent. Both are attached to this Order for reference. Of particular note is Federal Rule of Civil Procedure 56(e)(2), which states that the factual assertions in the affidavits and

documents attached to Defendants' motion may be considered "undisputed" if Gonzales fails to submit counter-affidavits or other documentary evidence to contradict Defendants' version of the facts as set forth in their affidavits and documents.

Failure to comply with the November 11, 2016 deadline, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with the Local Rules of Civil Procedure may result in me considering Defendants' motion without Gonzales' response or with Defendants' version of the facts.

IT IS SO ORDERED.

                                                 _William P. Lynch_
                                                 William P. Lynch
                                                 United States Magistrate Judge

**Federal Rule of Civil Procedure 56. Summary Judgment**
(**a**) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
(**b**) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
(**c**) Procedures.
(**1**) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
(**A**) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
(**B**) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
(**2**) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
(**3**) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
(**4**) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
(**d**) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(**1**) defer considering the motion or deny it;
(**2**) allow time to obtain affidavits or declarations or to take discovery; or
(**3**) issue any other appropriate order.
(**e**) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
(**1**) give an opportunity to properly support or address the fact;
(**2**) consider the fact undisputed for purposes of the motion;
(**3**) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
(**4**) issue any other appropriate order.
(**f**) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
(**1**) grant summary judgment for a nonmovant;
(**2**) grant the motion on grounds not raised by a party; or
(**3**) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g)** Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h)** Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**District of New Mexico Local Rules of Civil Procedure RULE 56. Summary Judgment.**
**56.1 Summary Judgment Procedures.**
**(a)** Time for Filing. Motions for summary judgment will not be considered unless filed within the deadline set in the Joint Status Report to allow sufficient time for the opposing party to file counter-affidavits and responses thereto, and to permit the Court reasonable time to hear arguments, if granted, and to consider the merits.

**(b)** Statement of Material Facts. The moving party must file with the motion a written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon (the "Memorandum"). A party opposing the motion must file a written memorandum containing a short, concise statement of the reasons in opposition to the motion with authorities (the "Response"). The moving party may file a written reply memorandum with authorities (the "Reply").

• The Memorandum must set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies.

• The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted. The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies.

• The Reply must contain a concise statement of those facts set forth in the Response which the movant disputes or to which the movant asserts an objection. Each fact must be lettered, must refer with particularity to those portions of the record upon which the movant relies, and must state the letter of the non-movant's fact. All material facts set forth in the Response will be deemed undisputed unless specifically controverted.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.